part of the lower West Brook farm, (so called), in section 15, town 6 north, range 17 east, lately conveyed by Frederick H. Vandenburgh, trustee, to said Howard by deed dated April 15 1870, and recorded in liber 30, page 201, of deeds, in the office of the Register of Deeds for said county." Howard demurred to the declaration, and the Court awarded judgment in his favor. Seely now asks a review of this judgment. The main grounds of the demurrer are those which raise the question whether the premises are described with sufficient certainty.

*Held,* That the description was sufficiently precise without reference to the Vandenburgh deed. The county and city are given, with the name of the tract of land, and it is clearly distinguished from all other pieces of land. Writers and the authorities hold this description sufficient. Inasmuch as the description was held sufficient, the reference to the Vandenburgh deed was deemed immaterial in this relation.

Judgment reversed and a new trial ordered.

## WILLIAM H. BOOTHROYD vs. JOSEPH ENGLES.

Error to St. Clair Circuit.

*Opinion by* CAMPBELL, Ch. J.—The only question was whether the record of a deed purporting to be signed by *Harrison* Sherman, and certified to have been acknowledged by *Hiram* Sherman, (the latter name having been inserted in the beginning of the deed as that of the grantor,) could be received in evidence as the conveyance of Hiram Sherman, the original deed not being shown.

Our statutes now require every deed to be *signed and sealed* by the person from whom the estate or interest is intended to pass, as well as acknowledged by the person executing it. The signing can not be dispensed with, and no one but the signer can be regarded as the grantor. The presumption of law always is that a person uses his real name, and, in the absence of proof, a deed signed by *Harrison* and acknowledged by *Hiram* is signed and acknowledged by different persons. A person using an *alias* might, under some circumstances be estopped from denying the *alias*. But no such case is shown to exist here.

The judgment was correct and is affirmed with costs.