### BAUER *et al. v.* SCHMELCHER.

(*City Court of Brooklyn, General Term.* May 27, 1889.)

DEED—CONSTRUCTION—ACKNOWLEDGMENT.
　　Testator devised land to his wife, but the will named no executor, and no administrator was appointed. The devisee, in a conveyance of the land, described herself as executrix and devisee of the will, but signed only as an individual. The certificate recited that she acknowledged the deed as executrix, "for the purposes therein mentioned." *Held* sufficient to pass the devisee's interest.

Case submitted on agreed statement.

Action by Anna Bauer and another against Frederick Schmelcher, to determine the validity of a deed of real estate.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ

*Charles Reinhardt*, for plaintiffs. *Moffett & Kramer*, for defendant.

CLEMENT, C. J. Simon A. Welden died at Brooklyn in the year 1873, leaving a last will and testament, by which he devised certain real estate in the Eighteenth ward of this city to his wife, Mary A. Welden, which will was admitted to probate by the surrogate of this county. No executor was named in the will, and no administrator with the will annexed has been appointed by the surrogate. Subsequently Mrs. Welden conveyed the property to the defendant by a deed, which, in form, would carry any title she had in the property individually or as executrix, and which deed is signed simply "Mary A. Welden." She is described in the conveyance as executrix and devisee of the last will and testament of Simon A. Welden, deceased. The deed conveyed the title, and the only difficulty in the case is as to the acknowledgment, which reads as follows: "State of New York, County of Kings—ss.: On this 1st day of December, in the year 1873, before me personally came Mary A. Welden, the executrix of the last will and testament of Simon A. Welden, deceased, to me known to be the individual described in and who executed the within conveyance, and acknowledged that she executed the same as such executrix as aforesaid, for the purposes therein mentioned." If the words "as such executrix" were omitted from the acknowledgment, it would have been proper in form, for the reason that Mrs. Welden owned the property in her own right. She acknowledged that she executed the deed, not only "as such executrix," but also "for the purposes therein mentioned." The pur-

poses therein mentioned were to convey her title individually as well as executrix. In construing an acknowledgment, reference may be made to the paper itself, and we think that by reading the deed and the acknowledgment together, such acknowledgment should be upheld. The authorities are collated and carefully considered by Judge DAVIS in *Claflin* v. *Smith*, 15 Abb. N. C. 241. We therefore answer the question submitted in the affirmative, and hold that the deed in question was a valid conveyance of real property, and that the fee of the premises passed thereunder to the grantee, Frederick Schmelcher, who is the defendant in this case. Judgment for defendant on submitted case. All concur.