R. R. RODES *vs.* ST. ANTHONY & DAKOTA ELEVATOR CO.

Submitted on briefs April 5, 1892. Decided April 25, 1892.

**Acknowledgment of Execution of Mortgage—Clerical Error in Name.**
—Where the certificate of acknowledgment of an instrument identifies the party as known to the officer to be the person who executed the same, a variance in spelling the name of such party as appearing in the certificate will be presumed to be a clerical error merely, and will not vitiate the acknowledgment.

**Evidence—Statement of Agent, when Hearsay.**—Statements of an agent to a witness, in respect to past transactions between his principal and a third party, *held* hearsay and incompetent evidence.

Appeal by defendant, St. Anthony & Dakota Elevator Company, from a judgment of the District Court of Wilkin County, *C. L. Brown,* J., entered July 23, 1891, against it for $83.16.

*Wilson & Van Derlip,* for appellant.

*Taylor & Woodard* and *W. P. Bayley,* for respondent.

VANDERBURGH, J. The plaintiff, mortgagee of a crop of wheat raised on the farm of one William Schrieber, sues the defendant to recover the value of a portion of the crop claimed to have been wrongfully delivered to defendant by Schrieber.

1. The mortgage was executed by "Wm. Schrieber." In the certificate of acknowledgment, however, the mortgagor is described and

designated by the name of "Wm. Strieber;" but, as the certificate identifies the person named, as known to the officer taking the acknowledgment "to be the person above named," it is evident that the variance is not material, and arises from a clerical error in writing the name of the mortgagor. It sufficiently appears that he duly acknowledged the instrument, and the certificate was sufficient proof of its execution. The mortgage was properly received in evidence. *Rogers* v. *Manley*, 46 Minn. 403, (49 N. W. Rep. 194.)

2. The only evidence of a delivery and receipt of the grain at the defendant's elevator was the admission of an agent and employe of the defendant in its service at the elevator.

This admission was made to an agent of the plaintiff in response to his inquiry upon the subject, and was testified to by the latter against the objection of the defendant's counsel.

It was clearly hearsay, and was improperly received. It was not made in the course of any business transacted with the defendant, but related wholly to a past transaction between the defendant and the mortgagor, to which the witness was a stranger. For this error there must be a new trial.

Judgment reversed.

(Opinion published 52 N. W. Rep. 27.)