96   427
175   457

96   427
d40SC¹404

## Myers et al. *versus* Boyd et al.

1. Attached to a recorded mortgage was the following certificate: "Crawford county, *ss.*  Subscribed and acknowledged before me this 8th day of July 1872.  A. M. SMITH.  Recorder." *Held*, that the certificate did not contain the necessary ingredients of a valid acknowledgment and the mortgage should not have been recorded.

2. In order that a deed or mortgage may become efficacious it must be acknowledged by the grantor, before a competent officer, who must certify such acknowledgment "with the day and year, when the same was made, and by whom."

November 22d 1880.    Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.    SHARSWOOD, C. J., absent.

Error to the Court of Common Pleas of *Crawford county*: Of October and November Term 1880, No. 360.

Scire facias sur mortgage by David T. Boyd and others against Sidney J. Myers and the Second National Bank of Titusville, terre-tenant.

On the 15th of June 1872, Sidney J. Myers signed a mortgage which was given to Boyd, upon eight acres of land in Crawford county, the consideration therefor being $2000.    At the foot of the mortgage was the following: "Crawford county, *ss:* Subscribed and acknowledged before me, this eighth day of July 1872, A. M. SMITH, Recorder."    The mortgage was for five years, and was recorded.    The Second National Bank purchased the mortgaged property at a sheriff's sale without notice of the mortgage.    On the 26th of March 1875, Boyd issued this scire facias upon the mortgage.    At the trial the plaintiffs offered the mortgage in evidence, which was objected to because it was not properly a record, and, therefore, not notice to the purchaser at the sheriff's sale.    The court admitted it in evidence.

The defendant presented the following point which the court refused: The acknowledgment and certificate are defective, and did not entitle the mortgage to be recorded.    The record of a mortgage not entitled to be recorded, is not notice to a purchaser at a sheriff's sale, and such purchaser would take the land discharged from such improperly recorded mortgage.

The court directed a verdict for plaintiff, when defendants took this writ and alleged that the court erred in refusing the above point.

*Roger Sherman,* for plaintiffs in error.—Is the certificate of the recorder, as to the acknowledgment of the mortgage, sufficient to entitle it to be recorded?    If it was not, then the record of it was no notice to a purchaser, and he would take it discharged of the mortgage: Hibberd *v.* Bovier, 1 Grant 266: Goepp *v.* Gartiser, 11 Casey 130; Uhler *v.* Hutchinson, 11 Harris 110; Jordan *v.*

[Myers *v.* Boyd.]

Stewart, Id. 244. The Act of Assembly of 1715, sect. 2, 1 Purd. Dig. 460, provides that in all cases and before all officers, the grantor shall go in person before the officer who shall take the acknowledgment. . This must be done before record of the instrument is permitted. The certificate of the officer must state the requirements of the statute. It is true that no particular form of words is necessary, but it must appear that those things required to be done to insure protection were done : Watson *v.* Bailey, 1 Binn. 470 ; Jourdan *v.* Jourdan, 9 S. & R. 273. It is clear that to guard against fraud and false personation, it is the grantor who should appear before the officer and acknowledge his signature to the instrument. Certainly the officer should say so in some form, and not leave material things to be inferred or guessed at. To infer that the grantor, Myers, appeared before the recorder and acknowledged this particular instrument, is to assume that which nowhere is shown. Nor does it appear what instrument was acknowledged.

*H. L. Richmond & Sons*, for defendants in error.—We do not perceive why the certificate does not literally and in spirit comply with all the requirements of the various Acts of Assembly. It shows by the caption "Crawford county, *ss*," that it was taken within the recorder's jurisdiction, that the subscriber, that is the person subscribing, appeared "before," that is, in the presence of him, the recorder, and then and there "subscribed and acknowledged" what ? Nothing whatever, but the paper to which each, in the presence of the other, put their respective hands and seals. There was no other paper subscribed, or to be subscribed, no other subscription acknowledged, or to be acknowledged, than the subscription to that particular deed, to which the recorder set his name and affixed his official seal.

Mr. Justice GREEN delivered the opinion of the court, January 3d 1881.

The Act of 28th May 1715, sect. 2, 1 Purd. Dig. 460, pl. 10, provides as follows: "All bargains and sales, deeds and conveyances of lands, tenements and hereditaments in this province, may be recorded in the said office ; but before the same shall be so recorded, the parties concerned shall procure the grantor or bargainor named in such deed, or else two or more of the witnesses (who were present at the execution thereof) to come before one of the justices of the peace of the proper county or city where the lands lie, who is hereby empowered to take such acknowledgment of the grantor, if one, or of one of the grantors, if more."

By the terms of this act, before a deed can be recorded, the grantor must go before a magistrate (other persons have since been authorized), and make acknowledgment thereof.

[Myers *v.* Boyd.]

Sect. 3 of the same act provides: "But in the case the grantor be dead or cannot appear, then the witnesses brought before such justice shall by him be examined, upon oath or affirmation, to prove the execution of the deed there produced; whereupon the same justice shall, under his hand and seal, certify such acknowledgment or proof upon the back of the deed, with the day and year when the same was made, and by *whom*."

The eighth section of the act provides that no mortgage or defeasible deed shall be sufficient to pass any estate, "unless such deed be acknowledged or proved and recorded * * * as hereinbefore directed for other deeds."

It will thus be seen that in order that a deed or mortgage may become efficacious it must be acknowledged by the grantor, before a competent officer, who must certify such acknowledgment "with the day and year when the same was made, and by whom." The only certificate attached to the mortgage in the present case is in the following words: "Subscribed and acknowledged before me this eighth day of July 1872." A mere inspection of this certificate shows that it is entirely destitute of the chief ingredients essential to constitute a valid acknowledgment. It does not state that the grantor appeared before the officer, though the statute positively requires the personal presence of the grantor before the person who is to take the acknowledgment. It does not state that either the grantor or any one else made an acknowledgment of any kind of the instrument in question, although the statute distinctly directs that the officer shall certify "by whom" the acknowledgment was made.

The Act of 24th February 1770, sect. 2, which directs the manner in which married women shall make acknowledgment of deeds executed by them, does not prescribe any form of words in which it shall be done, nor does it direct the officer to certify the acknowledgment in any particular. Yet the decisions under that statute have constantly held that the requirements of the act must be complied with, and further, that this must appear in the certificate of the officer, otherwise the deed as to the feme covert grantor is inoperative and will not pass her estate: Watson *v.* Bailey, 1 Binn. 470; Fowler *v.* McClurg, 6 S. & R. 143; Evans *v.* Commonwealth, 4 Id. 272; Jourdan *v.* Jourdan, 9 Id. 273. How much more is it essential that the requirements of the statute should be observed and pursued, in a case like the present, where the officer is expressly directed to certify to the special facts of the acknowledgment. This certificate contains no information upon the most vital subjects. It does not state what was acknowledged nor *by whom* any acknowledgment was made, and above all it does not state affirmatively, as it certainly should, that the grantor in the mortgage appeared before the officer for this or any other purpose. Were such a latitude allowed in the performance of this important

duty, the opportunities for false personation would be alarmingly increased. In all the particulars mentioned, this certificate is fatally defective, and the necessary consequence, also prescribed by the same statute, follows, to wit, that the mortgage was not entitled to be recorded at all. In Goepp *v.* Gartiscr, 11 Casey 133, we ruled as follows : "But if a deed or mortgage is defectively registered, or the judgment or lien appears on its face to be null and void, then he (a purchaser at sheriff's sale) is not bound to notice them at all : Magaw *v.* Garrett, 1 Casey 319–22 ; Bolton *v.* Johns, 5 Barr 149. In the last case Chief Justice Gibson says : ' The defective registry of a deed is a nullity,' ' and in the case before us the lien filed was a nullity which the purchaser was not bound to notice. Even had actual notice been given him he would have been informed of nothing but an abortive attempt to create a lien where none could exist.' " To the same effect is Uhler *v.* Hutchinson, 11 Harris 110. It follows from these considerations that the learned judge of the court below was in error in his answer to the defendant's first point, and in admitting the mortgage in evidence.

Judgment reversed, and *venire facias de novo* awarded.