## Estate of James P. Dahlem, deceased.   Mercantile Trust Company's Appeal.

*Mortgage—Mental capacity of mortgagor—Evidence.*

A mortgagor was in a weak state both bodily and mentally at the time of the execution of a mortgage.   The evidence tended strongly to show that he understood what he was doing at the time he signed the mortgage. Two of the witnesses who testified against his competency signed the mortgage as subscribing witnesses.   The orphans' court found as a fact that the mortgagor was competent to execute the mortgage.   *Held*, that the finding of the orphans' court should be sustained.

*Mortgage—Defective certificate of acknowledgment—Date in certificate of acknowledgment.*

An omission of the date in the certificate of acknowledgment of a mortgage will not invalidate the lien of the mortgage, if the date of the acknowledgment appears from an inspection of the whole instrument.

A certificate of acknowledgment of a mortgage failed to state the date of the acknowledgment.   The mortgage was dated, executed and recorded on the same day.   *Held*, that it would be presumed that the mortgage was acknowledged on the same day.

Argued Jan. 30, 1896.   Appeal, No. 265, Oct. T., 1895, by the Mercantile Trust Company, from decree of O. C. Allegheny Co., June T., 1895, No. 50, dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.   Appeal dismissed.

Exceptions to adjudication.

The facts appear in the report of Dahlem's Estate, Yost's Appeal, supra, 444, and the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to adjudication.

*J. P. Hunter*, for appellant.—The mortgagee cannot protect himself from the result of the insanity, merely because he closed his eyes and ears.

The evidence of a proper acknowledgment must appear in the certificate itself, and cannot be supplied by evidence aliunde: Myers v. Boyd, 96 Pa. 429; Cover v. Manaway, 115 Pa. 338.

Even if Dahlem were insane or however incompetent, the

mortgage is only voidable.   Yost having paid out his money in good faith can recover thereon.   If the contract is rescinded the consideration must be restored: Beals v. See, 10 Pa. 56 ; Kneedler's App., 92 Pa. 428 ; Wirebach v. First Nat. Bank, 97 Pa. 543 ; Pattison v. Stewart, 6 W. & S. 72 ; Phipps v. Boyd, 54 Pa. 342.

As the consideration was received, neither an administratoi nor a creditor has any standing to attack the mortgage : Yard v. Patton, 13 Pa. 278 ; Manhattan Hdw. Co. v. Phalen, 128 Pa. 110.

*George B. Gordon*, of *Dalzell, Scott & Gordon*, for appellee. —The mere omission of the day in the date of the acknowledgment which was recorded cannot destroy the lien : Kelly v. Rosenstock, 45 Md. 389 ; Carpenter v. Dexter, 8 Wall. U. S. 526 ; Luffborough v. Parker, 12 S. & R. 48 ; Watson v. Bailey, 1 Bin. 479.

Accountants failed in their attempt to show any lack of mental capacity on Dahlem's part, when he executed the mortgage. The burden of proof was on them : Jones on Mortgages, 4th ed. sec. 1510 ; Werstler v. Custer, 46 Pa. 502 ; Hamsher v. Kline, 57 Pa. 397 ; Jacobs v. Richards, 18 Beavan, 308 ; Kneedler's, App., 92 Pa. 428 ; Rice v. Rice, 127 Pa. 181 ; Wilkinson v. Pearson, 23 Pa. 117.

Yost, having in good faith (admittedly without notice or knowledge) paid out his money on the strength of the certificate of acknowledgment, is protected by it.   It is a judicial act : Cover v. Manaway, 115 Pa. 338 ; Heeter v. Glasgow, 79 Pa. 79.

OPINION BY MR. JUSTICE MITCHELL, May 18, 1896 :

The general facts of this case, and the main question of distribution of the fund, appear in Dahlem's Estate, Yost's Appeal, supra, 444, opinion filed herewith, and need not be further discussed here.   Two other points however are raised by this appeal of the administrator.

The mental capacity of the decedent at the time he executed the mortgage was a question of fact, and we see no good ground to differ with the conclusion of the auditing judge upon it. The decedent was in a weak state both bodily and mentally at

the time of execution, but the contract had been signed and the whole transaction agreed upon when he was undoubtedly competent, and the weight of the evidence is that he understood what it was that he was completing at the time he put his name to the mortgage.   The testimony of two of the witnesses against his competency, Long and Dr. Rugle, is strongly discredited by the fact that they signed as subscribing witnesses to the execution of the mortgage by the man who they now say was incompetent to know what he was doing.

The remaining question concerns a defect in the certificate of acknowledgment of the mortgage.   The justice of the peace who took the acknowledgment filled up by mistake the printed blank for the acknowledgment of a married woman, striking out the separate examination clause, but setting out the date, mortgagor's name, etc., correctly.   Though thus inartificial in form this acknowledgment was good in substance, but apparently noticing the informality after signing it, the justice canceled it by drawing lines through it, and then wrote and signed another acknowledgment by the mortgagor which was the only one recorded, but in which unfortunately the day of the month was omitted.   This is the defect which is claimed to invalidate the whole record, and therefore the lien of the mortgage.

The statutes require that before a mortgage shall be recorded it shall be acknowledged or proved in the manner provided, and the act of May 28, 1715, sec. 3, specifies that the officer taking it shall certify such acknowledgment or proof, " with the day and year when the same was made, and by whom." All official certificates should be made with precision and certainty.   That is the fundamental object in making them.   Yet it may well be doubted whether the requirement of the date, at least as to the day, is absolutely mandatory in the case of mortgages, especially since the act of March 28, 1820, by which the lien dates from its record without regard to the date of execution.   There is no limit of time for acknowledgment.   It or the proof which is its equivalent, may be made at any time after execution.   It must be before recording, and that in ordinary cases would seem to be the only mandatory requirement.

It is not however necessary to decide this question in the present case, because the date of the acknowledgment though not expressly set out in the certificate, clearly appears by evi-

dence within the instrument itself. The mortgage was dated, executed and recorded on June 1. It must therefore necessarily have been acknowledged the same day, unless the justice took the acknowledgment before it was executed, of which there is no evidence, and which will not be presumed: Cover v. Manaway, 115 Pa. 338. The court is entitled to look to the whole instrument, and as it is thus seen to contain within its four corners conclusive evidence of the date of acknowledgment, the informality of the certificate in that respect must be considered as obviated. Any other result would be sacrificing to mere form the substantial compliance with the requirements of the statutes, which our cases hold to be sufficient: Ross & Co.'s Appeal, 106 Pa. 82; Hornbeck v. Mutual Ass'n, 88 Pa. 64.

The cases cited by appellant are not against this result: In Myers v. Boyd, 96 Pa. 427, the certificate entirely failed to show by whom the acknowledgment was made, and it was held that this was too substantial a defect to be passed over. And in Cover et ux. v. Manaway, 115 Pa. 338, already cited, supra, the date of the acknowledgment was alleged to be written over an erasure, yet this court held that the deed was admissible in evidence, saying, " where a deed is found in the hands of a grantee, having on its face the evidence of its regular execution, it will be presumed to have been made on the day of its date, and this presumption is greatly strengthened if it is accompanied by an acknowledgment of the same date, in proper form before a proper officer."

The precise question as to the omission of the day in the certificate of acknowledgment, does not appear to have been decided heretofore in this state, but it arose in Maryland in Kelly v. Rosenstock, 45 Md. 389, under a statute requiring the certificate of acknowledgment to contain " the time when it was taken," and it was held that when the date clearly appeared from the whole instrument it was a sufficient compliance with the statute, and that the certificate of the clerk of the court of the official character of the justice and the indorsement for record were parts of the instrument for that purpose. The case is on all fours with the present and is fortified by a reference to Carpenter v. Dexter, 8 Wallace, 526.

None of the assignments of error can be sustained.

Appeal dismissed at the costs of the appellant.