**In re Charles William MEDLIN and Kelly Black Medlin, Debtors.**

**Mary C. WALKER, Trustee, Plaintiff,**

**v.**

**MIDLAND MORTGAGE COMPANY, Defendant.**

**Bankruptcy No. 96–31375.
Adv. No. 96–3171.**

United States Bankruptcy Court,
E.D. Tennessee.

Oct. 8, 1996.

Walker & Walker, P.C., John A. Walker, Jr., Knoxville, TN, for Plaintiff.

Harrison & Howard, P.C., Lewis S. Howard, Jr., Knoxville, TN, for Defendant.

### MEMORANDUM ON CROSS MOTIONS FOR SUMMARY JUDGMENT

RICHARD S. STAIR, Jr., Chief Judge.

The Debtors, Charles William Medlin and Kelly Black Medlin, filed a voluntary Chapter 7 petition in this court on April 11, 1996. The Plaintiff, Chapter 7 Trustee Mary C. Walker, commenced this adversary proceeding on July 15, 1996, with the filing of a Complaint to Avoid Interest (Complaint). On July 25, 1996, the Trustee filed an Amended Complaint adding a second count to her Complaint.[1] By her Complaint, the Trustee seeks to avoid the Debtors' transfer of property under a June 26, 1990 Deed of Trust pursuant to 11 U.S.C.A. § 544 (West 1993) and preserve the avoided transfer for the benefit of the estate pursuant to 11 U.S.C.A. § 551 (West 1993).[2] The Trustee further prays for the imposition of sanctions against the Defendant for a willful violation

---

1. The court's reference to the "Complaint" throughout this Memorandum will be deemed to refer to both the Complaint and Amended Complaint.

2. The Trustee's request that upon avoidance the transfer be preserved for the benefit of the estate is unnecessary. Under § 551, which provides that "[a]ny transfer avoided under section ... 544 ... is preserved for the benefit of the estate ...," the avoided transfer is automatically preserved for the benefit of the estate. *See* 4 Collier on Bankruptcy ¶ 551.01 (15th ed. 1996).

of the automatic stay of 11 U.S.C.A. § 362(a)(4) (West 1993) and the award of actual and punitive damages against the Defendant pursuant to 11 U.S.C.A. § 362(h) (West 1993). Attached to the Trustee's Complaint are copies of the Deed of Trust as registered on June 29, 1990, and July 12, 1996. The Defendant filed an Answer of Midland Mortgage Company on August 6, 1996. Thereafter, the Defendant filed an Answer of Midland Mortgage Company to Plaintiff's Amended Complaint on August 14, 1996.

The June 26, 1990 Deed of Trust conveyed property of the Debtors located at 2728 Windsor Parkway in Memphis, Tennessee, as security for the repayment of a promissory note in the amount of $31,347.00 executed by the Debtors in favor of Lumbermen's Investment Corporation of Texas. The Defendant is the current holder of the Deed of Trust, which was registered in the office of the Register of Deeds in Shelby County, Tennessee, on June 29, 1990.

Count I of the Trustee's Complaint avers that the acknowledgment on the Deed of Trust does not comply with Tennessee's acknowledgment statutes and is therefore voidable pursuant to § 544. Count II of the Complaint avers that the Defendant willfully violated the automatic stay applicable to property of the estate by virtue of § 362(a)(4). The material facts essential to a resolution of the pending motions are undisputed and straightforward. The acknowledgment on the Deed of Trust does not include a date. The Trustee's attorney notified the Defendant's attorney, Wendy Geurin, of the Memphis firm of Shapiro & Kirsch, of this omission by letter dated June 5, 1996. On July 12, 1996, the Defendant amended the Deed of Trust by inserting a date in the acknowledgment and re-registering it. The Defendant's attorney, Ms. Geurin, then sent a copy of the corrected Deed of Trust to the Trustee's attorney by letter dated July 19, 1996, along with a request to approve an agreed order granting relief from the automatic stay and abandonment of the property by the Trustee. The Trustee subsequently commenced this adversary proceeding.

The court has before it cross-motions for summary judgment. The Defendant filed a Motion of Midland Mortgage Company to Dismiss or, in the Alternative, for Summary Judgment on September 11, 1996, seeking dismissal or summary judgment as to Count I of the Trustee's Complaint. The Trustee filed a Response of Plaintiff to Motion of Defendant to Dismiss and Counter–Motion for Partial Summary Judgment on September 17, 1996, seeking summary judgment as to both Counts I and II of her Complaint, with the court to reserve a decision on the issue of damages and sanctions pending a hearing. The Trustee's motion is supported by letters of correspondence between the Trustee's and the Defendant's attorneys. The Defendant filed a Response of Defendant to Counter–Motion for Partial Summary Judgment on October 1, 1996. The authenticity of the June 26, 1990 Deed of Trust as registered on June 29, 1990, and re-registered on July 12, 1996, copies of which are attached to the Complaint, is not in dispute.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(K) (West 1993).

## I

 Fed.R.Civ.P. 12(b), made applicable to this adversary proceeding through Fed.R.Bankr.P. 7012(b), dictates that motions to dismiss for failure to state a claim are to be treated as summary judgment motions whenever "matters outside the pleading are presented to and not excluded by the court." This is true even if the complainant is the only one who submits such extraneous matters. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (1990). Nevertheless, the court possesses absolute discretion in determining whether it will accept the evidence presented apart from the pleadings. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3rd Cir.1992). In the instant proceeding, matters outside the pleadings have been presented and all issues have been fully briefed by the parties. Therefore, the Defendant's motion will be treated exclusively as a motion for summary judgment.

Pursuant to Fed.R.Civ.P. 56(c), made applicable to this adversary proceeding through Fed.R.Bankr.P. 7056, summary judgment is available only when a party is entitled to a judgment as a matter of law and when, after consideration of the evidence presented by the pleadings, affidavits, answers to interrogatories, and depositions in a light most favorable to the nonmoving party, there remain no genuine issues of material fact. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. The factual dispute must be genuine. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989).

## II

The first issue before the court involves the validity of a certificate of acknowledgment that omits the date on which it was executed. The statutory requirements for such certificates are set out in Tenn.Code Ann. § 66–22–107 (1993), which provides in material part:

(a) If the acknowledgment is made before a county clerk or deputy, or clerk and master, or notary public, or before any of the officers out of the state who are commissioned or accredited to act at the place where the acknowledgment is taken, and having an official seal, viz: those named in §§ 66–22–103 and 66–22–104, and, also, any consular officer of the United States having an official seal, such officer shall write upon or annex to the instrument the following certificate, in which the officer shall set forth such officer's official capacity:

. . . .

(b) Or, in the alternative, the following certificate, in case of natural persons acting in their own right:

State of Tennessee )

County of _____ )

On this ____ day of ____, 19__, before me personally appeared _____, to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that such person (or persons) executed the same as such person (or person's) free act and deed.

The certificate on the June 26, 1990 Deed of Trust complied with all of these requirements except for the omission of the date.

The parties do not cite, nor is the court aware of, any Tennessee decision addressing the validity of a certificate of acknowledgment that omits the date. Nevertheless, the Supreme Court of Tennessee has made it clear that a certificate of acknowledgment may be read in conjunction with the deed it authenticates to explain a defect in the former. *Manis v. Farmers Bank*, 170 Tenn. 656, 98 S.W.2d 313 (1936). This court has previously relied upon this rule of law to hold that the omission of the name of the grantors of a trust deed from its certificate of acknowledgment does not invalidate the certificate. *Lancaster v. Boatright (In re Grable)*, 8 B.R. 363, 366 (Bankr.E.D.Tenn.1980). The Trustee argues that this analysis cannot be applied to the omission of the date from an acknowledgment. The Trustee emphasizes that the acknowledgment must be executed after the deed is signed and that the date on the acknowledgment is the only way to assure that the parties complied with this procedure. Therefore, the argument concludes, it cannot be presumed that the date of acknowledgment is the same as that of the deed.

The court acknowledges the validity of the Trustee's concerns. However, it is well settled in Tennessee that there is a presumption that sworn public officers have properly executed their duties absent evidence to the contrary. *Haynes v. State*, 374 S.W.2d 394, 396 (Tenn.1964); *Manis*, 98 S.W.2d at 314. This presumption, absent proof to the contrary, defeats the Trustee's argument. It is the sworn officer's duty to make sure that the certificate of acknowledgment is executed after the deed. Since the Trustee has not presented any evidence of the officer's impropriety, the court presumes that the certificate of acknowledgment was executed on June 26, 1990, after the Deed of Trust was signed by the Debtors. Neverthe-

less, the fact still remains that the acknowledgment does not recite a date.

There being no other guidance on this issue in the state of Tennessee, the court will examine how other states have addressed this problem. The states that have decided this issue have unanimously held that the omission of the date does not invalidate a certificate of acknowledgment that otherwise complies with the statutory requirements. In such cases, there is a presumption that the certificate of acknowledgment was completed at the same time as the underlying instrument. *Barouh v. Israel,* 46 Wash.2d 327, 281 P.2d 238, 241 (1955); *Spero v. Bove,* 116 Vt. 76, 70 A.2d 562, 567 (1950); *Hasley v. Bunte,* 176 Okla. 457, 56 P.2d 119, 120 (1936); *Sanford v. Empire Land Co.,* 212 Ala. 568, 103 So. 655, 656 (1925); *In re Dahlem's Estate,* 175 Pa. 454, 34 A. 807, 808 (1896); *see also* 1 Am.Jur.2d *Acknowledgments* § 36 (1994); 1A C.J.S. *Acknowledgments* § 62 (1985).

The approach taken by these states is similar to the mandate of *Manis* to read the certificate of acknowledgment in conjunction with the deed to remedy any defects attributable to the oversight of the parties. *See Manis,* 98 S.W.2d at 313. Moreover, this result accords with the language of *Davis v. Bogle,* 58 Tenn. 315, 317 (1872), suggesting that a certificate of acknowledgment is not invalid so long as it substantially complies with the requirements and purposes of the acknowledgment statutes. For the foregoing reasons, the court holds that the certificate of acknowledgment is not invalidated by the omission of the date on which it was executed. The Defendant's motion for summary judgment as to Count I will accordingly be granted and the Trustee's counter motion as to Count I will be denied.

### III

■■■ The Trustee has also moved for summary judgment as to Count II of her Complaint. In Count II the Trustee avers

that the Defendant willfully violated the automatic stay of § 362(a)(4) which provides in material part:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
>
> . . . .
>
> (4) any act to create, perfect, or enforce any lien against property of the estate[.]

11 U.S.C.A. § 362(a)(4) (West 1993). The automatic stay arises by operation of law upon the filing of the debtor's petition and those with knowledge of the bankruptcy case are bound by it until it is properly lifted. *NLT Computer Servs. Corp. v. Capital Computer Sys., Inc.,* 755 F.2d 1253, 1258 (6th Cir.1985). This court has previously noted that the purpose of the stay is to protect the interests of both debtors and creditors. *Metropolitan Life Ins. Co. v. Alside Supply Center of Knoxville (In re Clemmer),* 178 B.R. 160, 167 (Bankr.E.D.Tenn.1995). Specifically, it "gives the honest debtor an opportunity to protect his assets for a period of time so that the resources might be marshalled to satisfy outstanding obligations." *Laguna Assocs. Ltd. Partnership v. Aetna Casualty & Sur. Co. (In re Laguna Assocs. Ltd. Partnership),* 30 F.3d 734, 737 (6th Cir.1994).

■■■ The Debtors filed their Chapter 7 petition on April 11, 1996. This event simultaneously activated the automatic stay, barring all actions outlined in § 362(a). It is undisputed that the Defendant inserted a date in the certificate of acknowledgment and re-registered the Deed of Trust on July 12, 1996. As of this date, the stay had not been lifted by the court and the Defendant did not seek relief from the stay to perform this act. The court agrees with the Trustee that the act constitutes a violation of the automatic stay under § 362(a)(4), constituting an attempt to perfect a lien against property of the estate.[3]

---

**3.** In its Response of Defendant to Counter–Motion for Partial Summary Judgment filed October 1, 1996, the Defendant asserts that "[t]he act of inserting the date in the acknowledgment and re-recording the Deed of Trust was ministerial in nature and did not affect the validity of the

instrument." The Defendant cites no authority in support of this argument. Furthermore, the Defendant's sole purpose in re-registering the Deed of Trust on July 12, 1996, was to perfect its lien in the Debtors' property upon curing the

Moreover, the court agrees with the Trustee that this violation of the automatic stay was willful. A violation of the stay is willful if the creditor deliberately carried out the prohibited act with knowledge of the debtor's bankruptcy case. *Matthews v. United States (In re Matthews)*, 184 B.R. 594, 599 (Bankr.S.D.Ala.1995); *In re Timbs*, 178 B.R. 989, 997 (Bankr.E.D.Tenn. 1994); *Hudson v. United States (In re Hudson)*, 168 B.R. 449, 453 (Bankr.S.D.Ga.1994); *Temlock v. Falls Bldg., Ltd. (In re Falls Bldg., Ltd.)*, 94 B.R. 471, 481–82 (Bankr. E.D.Tenn.1988). Culpable parties can be sanctioned for willful violations of the automatic stay under 11 U.S.C.A. § 362(h) (West 1993), which provides as follows:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Under this section, a Chapter 7 trustee can recover actual damages sustained by the bankruptcy estate resulting from willful violations of the stay. *Martino v. First Nat'l Bank (In re Garofalo's Finer Foods, Inc.)*, 186 B.R. 414, 439 (N.D.Ill.1995). The trustee's attorney fees attributable to the § 362 issue constitute one form of such damages. *Id.*

In addition, punitive damages are appropriate where there has been an arrogant defiance of federal law on the part of the culpable party. *Timbs*, 178 B.R. at 999. This court has previously noted that:

> "[P]unitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are 'reserved ... for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief.' To recover punitive damages, the

defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so."

*Temlock*, 94 B.R. at 482 (quoting *In re Wagner*, 74 B.R. 898, 903–04 (Bankr.E.D.Pa.1987) (quoting *Cochetti v. Desmond*, 572 F.2d 102, 106 (3rd Cir.1978))).[4] The determination of whether a willful violation of the stay constitutes such defiance is left to the discretion of the bankruptcy court. *Timbs*, 178 B.R. at 997.

The evidence before the court clearly establishes that the Defendant had knowledge of the Debtors' bankruptcy case on July 12, 1996. First, and foremost, the court takes judicial notice pursuant to Fed. R.Evid. 201 that the Defendant filed a Proof of Claim in the Debtors' Chapter 7 case on May 15, 1996. Nevertheless, the evidence also shows that the Defendant's attorney submitted to the Trustee an agreed order purporting to grant relief from the automatic stay and abandonment of the property by a letter dated May 31, 1996. On June 5, 1996, the Trustee's attorney responded to this offer by notifying the Defendant's attorney of the apparent defect in the certificate of acknowledgment and of the Trustee's resulting intent to file this adversary proceeding. On July 19, 1996, the Defendant's attorney wrote to the Trustee's attorney as follows:

> Please find enclosed a copy of the Deed of Trust in the above referenced matter. As you can see, the acknowledgment has been corrected and the Deed re-recorded. Please advise if the Trustee can now sign the Agreed Order Granting Relief from the Automatic Stay and Abandonment of Property by the Trustee previously forwarded to her attention.

These facts clearly establish that both the Defendant and its attorney possessed knowledge of the Debtors' bankruptcy case at the time that the stay was violated.[5]

apparent defect in the Deed of Trust as originally registered on June 29, 1990.

**4.** Relevant factors to be considered include: (1) the nature of the offending party's conduct; (2) the offending party's ability to pay damages; (3) the motive of the offending party; and (4) any provocation by the debtor. *Nigro v. Oxford Dev.*

*Co. (In re M.J. Shoearama, Inc.)*, 137 B.R. 182, 190 (Bankr.W.D.Pa.1992).

**5.** The court deems it important to note that attorneys are not immune from sanctions for willful violations of the automatic stay simply because they serve in a representative capacity. *Timbs*, 178 B.R. at 995. It is possible for a court to hold

In conclusion, the court finds that the Defendant willfully violated the automatic stay. The Trustee's Motion for Partial Summary Judgment as to Count II will accordingly be granted. Pursuant to the Trustee's request, the court will hold an evidentiary hearing on November 21, 1996, at 1:30 p.m., in the Courtroom, 15th Floor, First Tennessee Plaza, Knoxville, Tennessee, to determine what damages, if any, the bankruptcy estate has sustained as a result of the violation. To the extent the Trustee seeks to recover attorney's fees, her attorney will be required to file an affidavit within ten days setting forth a detailed statement of the services rendered, time expended, expenses incurred, and amount requested in representing the Trustee in her prosecution of Count II of this adversary proceeding. The Defendant shall file any opposition to the requested amount within ten days after it is served with the Trustee's affidavit.

An appropriate order will be entered.

both the creditor and its attorney liable for such violations. *In re Ormond Beach Ass. Ltd. Partnership,* 185 B.R. 408, 413 (Bankr.D.Conn.1995); *In re Baker,* 183 B.R. 30, 33 (Bankr.D.R.I.1995); *Stainton v. Lee (In re Stainton),* 139 B.R. 232, 234 (9th Cir. BAP 1992); *Zick v. Zick (In re Zick),* 123 B.R. 825, 826 (Bankr.E.D.Wis.1990).