In re George C. GEORGEFF, Debtor.

**Bankruptcy No. 97–57531.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 22, 1998.

Robert J. Morje, Columbus, OH, for debtor.

Steven L. Smith, Smith & Colner, Columbus, OH, for Martha Bauer.

Robert J. Mann, Columbus, OH, pro se.

Frank M. Pees, Chapter 13 Trustee, Worthington, OH.

### ORDERS ON DEBTOR'S MOTION FOR SANCTIONS AGAINST MARTHA BAUER AND HER ATTORNEY FOR VIOLATION OF AUTOMATIC STAY AND ON MARTHA BAUER'S MOTION FOR SANCTIONS AGAINST DEBTOR AND HIS ATTORNEY PURSUANT TO BANKRUPTCY RULE 9011

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the debtor's motion for sanctions against Martha Bauer, a creditor herein, and Ms. Bauer's attorney for willful violation of the automatic stay imposed by 11 U.S.C. § 362. Ms. Bauer and Robert Mann, her attorney during the debtor's confirmation proceedings, opposed the debtor's motion. Ms. Bauer also filed her own motion for sanctions against the debtor and his attorney pursuant to Bankruptcy Rule 9011. The motions were heard by the Court on June 11, 1998.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and the general order of reference previously entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A) and (O).

The following facts, which serve as background to the dispute, were adduced at the hearing or gleaned from the court file:

1. On February 26, 1998, the Court sustained Ms. Bauer's objection to confirmation and denied confirmation of the debtor's chapter 13 plan. The order further provided that the debtor had twenty (20) days to convert his case to one under chapter 7 and that, if he did not file a notice of conversion during this period, his case would be dismissed.

2. On March 2, 1998, less than one week after the Court had entered its order, Ms. Bauer filed two affidavits of garnishment against the debtor in the Franklin County Common Pleas Court. One of these garnishments was directed against the chapter 13 trustee while the other went to Star Bank. The chapter 13 trustee's office refused to honor the garnishment and prepared an answer stating that the automatic stay remained in effect. Star Bank debited the debtor's checking account a total of $1,315.04 in response to the garnishment order. This garnishment caused at least one of the debtor's checks to be returned for non-sufficient funds, for which he was assessed a $15 fee.

3. Between March 2, 1998, and March 16, 1998, Ms. Bauer prepared an order releasing the funds remitted to the Court by Star Bank. Ms. Bauer left the order with the common pleas duty judge intending to pick up the order and file it after it was signed. The debtor became aware of the order, retrieved it, presented it to Judge Watson, the duty judge, and filed the signed order in the clerk's office prior to March 16, 1998. When Ms. Bauer discovered the debtor's actions, she complained to Judge Watson. As a result of the complaint, the debtor and his attorney were required to attend a March 16, 1998 hearing.

4. Following the hearing on March 16, 1998, Magistrate Sheehan found that the automatic stay remained in effect, and ordered the release of the garnished funds to the debtor.

Title 11, United States Code, Section 362(h), states that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages."

After considering the relevant evidence, including the credibility of witnesses, the Court finds that Ms. Bauer violated the automatic stay and that her actions in doing so were willful. Ms. Bauer testified that when she instituted the garnishment proceedings she believed the stay was no longer in effect. The Bankruptcy Code, however, offers no support for her contention, and her attorney who represented her throughout the confirmation proceedings told her he did not know if the stay was still in effect. Ms. Bauer's supposed reliance on the November 26, 1997 order, which lifted the stay to permit the prosecution of the debtor's appeal of

her judgment, is frivolous given the plain language of that order.

In short, the Court finds that Ms. Bauer was uncertain about the continuation of the stay following the February 26, 1998 order but was willing to take her chances. Despite this uncertainty, she elected to represent herself and recklessly undertook the garnishment proceedings against the debtor. She then attempted to justify her actions by engaging in conduct, e.g. phone calls to this Court and other courts, which, if engaged in by an attorney would render the attorney subject to disciplinary proceedings. Her conduct after discovering that the order releasing the garnished funds (which she had prepared) had been filed further evidences a malicious intent toward ·the debtor and brought about an unnecessary hearing in the common pleas court. It is noteworthy that this conduct occurred *after* she had been informed by the chapter 13 trustee's office that the stay was still in effect and *after* her attorney had advised her to prepare and file the order releasing the garnished funds.

■ Having found that Ms. Bauer willfully violated the automatic stay, the Court **ORDERS** that the debtor may recover from her his actual damages. Such damages shall include the $15 returned check fee imposed by the debtor's bank, the reasonable fees and expenses of the debtor's attorney in representing him at the garnishment hearing, the reasonable fees and expenses of his attorney in preparing the debtor's motion for sanctions, and the reasonable fees and expenses of his attorney in attending the June 11, 1998 hearing before this Court. Counsel for the debtor shall file an application for such fees, and Ms. Bauer shall have twenty (20) days following the service of the application to object to the reasonableness of the fees and expenses.

■ The Court also finds that an award of punitive damages of $1,000 is appropriate in this case. In assessing the punitive damages, the Court has considered the nature of Ms. Bauer's conduct, her ability to pay (she has a judgment against the debtor for nearly $100,000), her motive in undertaking the proscribed conduct, and any provocation by the debtor. *See Walker v. Midland Mtg. Co. (In re Medlin)*, 201 B.R. 188, 194 n. 4 (Bankr. E.D.Tenn.1996). With respect to the fourth factor, the Court specifically finds that the debtor's allegedly provocative conduct in filing the order releasing the garnished funds does not in any way serve to justify the continuation of Ms. Bauer's actions.

The Court further finds the debtor's suggestion that the Court vacate its prior order and confirm his chapter 13 plan not to be an appropriate sanction in this case.

Finally, the Court finds that the record does not support either a willful violation of the automatic stay by Robert Mann or a finding that the debtor or his attorney have violated Bankruptcy Rule 9011. Accordingly, no sanctions shall be imposed against Mr. Mann, the debtor, or the debtor's attorney.

**IT IS SO ORDERED.**